**BERNARD V. KLEINMAN**

**ATTORNEY – AT – LAW**

TWO GANNETT DRIVE, SUITE 102
WHITE PLAINS, NY 10604-3404
TEL: (914) 644-6660    E-MAIL: ATTRNYLWYR@YAHOO.COM    FAX: (914) 644-6661

September 28th, 2007

Hon. Janet Hall
U.S. District Judge
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

    Re: <u>United States v. Boyd, 00-cr-00263</u>
     <u>Defendant Patrice St. Surin</u>

Your Honor,

  On or about July 6th, 2005, the Second Circuit issued an Order remanding the above-referenced matter back to this Court. The order directed this Court to, at the Defendant St. Surin's choice, conduct a re-sentencing proceeding pursuant to *United States v. Booker*, 543 U.S. 220 (2005). A copy of the Circuit Court's order is annexed hereto.

<u>*1. Background*</u>

  Defendant St. Surin was charged in Count 12 of Indictment 00-cr-00263, for the District of Connecticut, with being a member of the so-called "Burden" organization, engaged in a wide ranging narcotics conspiracy in the cities of Norwalk and Bridgeport, CT. Count 12 charged Mr. St. Surin with conspiracy to distribute cocaine and cocaine base in the period from 1999 to 2000 in the District of Connecticut. 21 U.S.C. §§ 841(b)(1)(A), 846.

  From July 10th through July 16th, 2002, a jury trial was conducted before this Court. Briefly, the Government's case was that in 1999 a wiretap was placed on the telephone of one David Burden in Norwalk, and then another was added for his cousin Anthony Burden. Trial Transcript ("TT") at 50-51. Through these intercepted telephone communications, the FBI discovered that one Ernest Weldon had a narcotics business relationship with the Burdens. At the end of April 2001 the FBI received additional authorization for wiretaps on the telephone of the defendant, Patrice St. Surin. TT at 54. On April 5th, 2001 a search warrant was executed on the Burden residence in Norwalk, and numerous arrests were made, drugs seized, money and narcotics paraphernalia, and weapons. TT at 62, 70.

Hon. Janet Hall, USDJ
Re: USA v. Boyd, Patrice St. Surin, Defendant, 00-cr-00263
28 September 2007 — page two

---

    The defendant, St. Surin, had no prior record with the police of narcotics trafficking or violence.  TT at 93-94.  A search of St. Surin's residence uncovered no drugs, weapons, cash, narcotics paraphernalia, or anything else that could be tied to an individual engaged in narcotics trafficking.  TT at 111.

    Next to testify was Anthony Burden.  He testified that he was a participant, and a relative of the players in the Burden organization, and he, himself, received his supply to re-sell from one Willie Prezzie.  TT at 135.  He further testified that he would go to the Burden family location in Norwalk, on Lincoln Avenue to purchase drugs, and that among those he dealt with was Eugene Weldon.  TT at 141.

    Perhaps key to the Government's case, was Eugene Weldon.  Weldon had been arrested in August 2001.  He had pled guilty, pursuant to a co-operation agreement and plea agreement, to narcotics trafficking charges, and was also, as Burden was, awaiting sentencing.  TT at 234-35.  He had known the defendant for about ten years, and he had known him with the street names of Patrick and Watty Wat.  TT at 237.

    In 1998 Weldon was introduced to the defendant, St. Surin, as a person who would be interested in a drug supplier.  Weldon called another to discuss a purchase of narcotics, and then spoke with St. Surin.  Later that same day St. Surin came over to Weldon's home and delivered 250 grams of cocaine for approximately $7,000.00.  Over the next few months additional transactions took place.  TT at 245-47.

    Throughout 1999 Weldon dealt cocaine, and the defendant St. Surin was named as supplier.  TT at 253.  Weldon's testimony portrayed St. Surin as a supplier of large quantities of crack and cocaine, even in the kilo range, with transactions for as much as $30,000.00.  TT at 266-68.

    F.B.I. Special Agent John Hosney, who participated in the search of defendant St. Surin's residence on August 7th, 2001, re-confirmed that neither drugs nor drug paraphernalia were discovered during the search.  TT at 484.

    On July 16th, 2002, the Defendant was convicted on Count 12, specifically with intent to possess and possession with intent to distribute 50 grams or more of cocaine base, and 5 kilograms or more of cocaine.

    On May 5th, 2003 the defendant appeared for sentencing.  This Court imposed a sentence of 188 months, plus five years of supervised release, and a fine of $5,000.

Hon. Janet Hall, USDJ
Re: USA v. Boyd, Patrice St. Surin, Defendant, 00-cr-00263
28 September 2007 — page three

## 2. General Sentencing Factors

As this Court is well aware, the *Booker* (543 U.S. 220 (2005)) decision found that the mandatory nature of the federal Sentencing Guidelines violated the defendant's constitutional rights. Hence, the Guidelines were to be considered, henceforth, of an advisory nature only, and have no mandatory implication. *Id.* at 264. In its seminal decision on *Booker*, this Circuit, in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), recited the mantra of the Guidelines henceforth being advisory only, and having to be one among the other statutory factors to be considered in imposing sentence.

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in [18 U.S.C. § 3553(a)]. Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines . . . or (II) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*Id.* at 113.

In accord see *United States v. Giordano*, 2007 WL 2261684 at *2 (D. Conn. 2007) (Nevas, USDJ).

In *United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006), the Circuit held that every sentence is reviewed for reasonableness under the sentencing statute (18 U.S.C. § 3553) and that the Court of Appeals will not "substitute[e] . . . . [its] judgment for that of the sentencing judge." *Id.* at 27. Furthermore, "[c]onsideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts." *Id.* at 29. In accord see *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007); *United States v. Chen*, 476 F. Supp.2d 120, 121 (D. Conn. 2007).

Certainly this is the case, and, indeed, in *United States v. Jones*, 460 F.3d 191 (2d Cir. 2006), the Court made it even more abundantly clear that the sentencing judge has a fairly wide area of discretion in imposing the sentence.

> Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not

Case 3:00-cr-00263-JCH     Document 1847     Filed 09/28/2007     Page 4 of 8

Hon. Janet Hall, USDJ
Re: USA v. Boyd, Patrice St. Surin, Defendant, 00-cr-00263
28 September 2007 — page four

>  prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.

*Id.* at 195.[1]

The case law, especially that in the post-*Booker* period, requires that the factors set forth by Congress in Section 3553 be considered by the sentencing court.  See generally, *United States v. Santiago*, 2007 WL 1238610 at *1 (D. Conn. 2007) (Underhill, USDJ); *United States v. Damti*, 2005 WL 2465812 at *4 (E.D.N.Y. 2005) (Garaufis, USDJ); *United States v. Jasper*, 2005 WL 2414547 at *4-*5 (S.D.N.Y. 2005) (Leisure, USDJ.).  All that is required is that the court review the sentence based upon its reasonableness under the Guidelines and Section 3553(a): "If, after thorough consideration of the . . . § 3553(a) factors in light of the particular facts of the case, the sentencing judge determines that the Guidelines sentence is not reasonable, then a non-Guidelines sentence is appropriate." *Jasper, supra*, at *6.  As Judge Garaufis described it in *Damti, supra*, "with the mandatory duty to apply the Guidelines excised, the duty imposed by § 3553(a) to 'consider' numerous factors acquires renewed significance." *Id.* at *2.  Emphasis added.

---

[1] This, what may be called an enhanced role for the district judge — notwithstanding the Court's language in speaking of the "historic role of sentencing judges" — has been re-iterated by this Court several times.  In *United States v. Castillo*, 460 F.3d 337 (2d Cir. 2006), the court stated the following,

> After *Booker* judges may ultimately reject a sentence within the Guideline range if that rejection is based on all of the § 3553(a) factors, specifically considered in light of the facts of the particular defendant's case.  As the Eleventh Circuit recently explained, "a sentence below the Guidelines range may be reasonable, so long as it reflects the individualized, case-specific factors in § 3553(a)." [*United States v.*] *Williams,* 456 F.3d [1353] at 1369 [(11th Cir. 2006)].  But without any justification for why the § 3553(a) factors lead to a below-Guidelines sentence, and with the non-Guidelines sentence based only on the district court's generalized policy disagreement with the Guidelines, the sentence cannot be affirmed as "reasonable."

*Id.* at 361.

In accord see *United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006); *United States v. Wilson*, 2006 WL 3026162 at *2 (2d Cir. 2006).  See also *United States v. McDonald*, 461 F.3d 948, 956 n. 7 (8th Cir. 2006).

Hon. Janet Hall, USDJ
Re: USA v. Boyd, Patrice St. Surin, Defendant, 00-cr-00263
28 September 2007 — page five

    In other words, the standard is one of reasonableness of the sentence. This reasonableness is to be tested by (1) applying the factors set forth in Section 3553(a), and (2) taking into consideration the applicable section(s) under the Sentencing Guidelines.[2] Neither is to be ignored and neither is to be the sole determinant of the appropriate sentence, *i.e.*, they operate in a complementary manner with one another. *United States v. Canova*, 412 F.3d 331, 334-35 (2d Cir. 2005). See also *United States v. Frey*, 224 Fed. Appx. 93, 94 (2d Cir. 2007).

    In *United States v. Lake*, 419 F.3d 111 (2d Cir. 2005), this Court recently set forth a tri-partite standard for review, as follows, *viz.*,

> First, the fact that a judge selects a sentence within a guideline range that the judge thought he was required to apply does not necessarily mean that the same sentence would have been imposed had the judge understood the Guidelines as a whole to be advisory. The applicable guideline range provides the frame of reference against which the judge chooses an appropriate sentence. . . . Second, although even before *Booker*, a sentencing judge was obliged to consider all the factors set forth in 18 U.S.C. § 3553(a), the required use of one of those factors -- the Guidelines, see *id*. § 3553(a)(4) -- rendered of "uncertain import" the significance of the other factors. See *Crosby*, 397 F.3d at 111. Now, without the mandatory duty to apply the Guidelines, consideration of the other section 3553(a) factors "acquires renewed significance," *Crosby*, 397 F.3d at 111, and might result in a different sentence. Third, absent the strictures of the Guidelines, counsel would have had the opportunity to urge consideration of circumstances that were prohibited as grounds for a departure.

*Id.* at 114. Emphasis added.

    The quote from this Court in *United States v. Lake*, as set forth above, makes clear the importance that the factors in Section 3553(a) have.[3]

---

[2] In *Rita v. United States*, — U.S. —, 127 S. Ct. 2456, *reh'g denied* — U.S. — (2007), the high Court recognized that deference must be given to the final sentencing decisions of the trial courts, "whether the resulting sentence is inside or outside the advisory Guidelines range, under traditional abuse-of-discretion principles." 127 S. Ct. at 2473-74. Concurring op, Stevens, J.

[3] Indeed, the *Booker* Court made clear that the sentencing court need only consult the Sentencing Guidelines, and can choose, in the end, to impose a sentence without applying the Guidelines whatsoever. 543 U.S. at 264-65.

Hon. Janet Hall, USDJ
Re: USA v. Boyd, Patrice St. Surin, Defendant, 00-cr-00263
28 September 2007 — page six

    Thus, the Court here is urged to exercise its discretion and apply the Guidelines in a case specific manner, always being cognizant of the fact that the Guidelines are now merely advisory, and not binding on the court. And, at the same time, the Court should impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of Section 3553(a)(2). See *United States v. Williams, supra*, 475 F.3d at 471. And, to make sufficient effort to ensure that the imposed sentence will withstand the "reasonableness" scrutiny of the Circuit. *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2d Cir. 2006); *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir. 2006).

<u>3. Defendant Merits a Re-Sentencing to a Lower Term of Incarceration</u>

    At the time that Patrice St. Surin was originally sentenced, in May 2003, the Court was obligated to impose a sentence under the Guidelines, barring exceptional circumstances. Mr. St. Surin's Guideline calculation placed him in a range well in excess of the statutory mandatory minimum of ten years. Thus, this Court imposed a sentence of 188 months (or fifteen years and eight months).

    A key factor was the relevant conduct of crack cocaine attributable to co-defendant Weldon, that Probation and the Court attributed to Mr. St. Surin.

    The Defendant does not contest that, nor does he argue with the <u>power</u> of this Court to have imposed the current sentence. See *Rita v. United States, supra*, 127 S. Ct. at 2465-66. And, as long as the sentence is within the applicable Guideline range, and does not violate the statutory provisions, it will be upheld. *Ibid*. 21 U.S.C. § 841(b)(1)(A) sets for a mandatory minimum of ten years, with a maximum of life. Thus, the Defendant does concede that the sentence is reasonable under the *Booker/Rita* decisions and line of cases following them. See *United States v. Martinez*, 475 F. Supp.2d 154, 161-62 (D. Conn. 2007), quoting *United States v. Thomas*, 274 F.3d 655, 663-64 (2d Cir. 2001) (*en banc*).

    However, Mr. St. Surin encourages the Court to take a second look at the evidence presented at trial. Specifically, the testimony of Ernest Weldon, a key Government witness. Mr. Weldon testified that Mr. St. Surin was a conduit for drug purchases — the drug purchases that were the basis for the relevant conduct in the sentencing. However, Mr. Weldon's testimony also revealed the contradictory statements of a co-conspirator (Tho. Holman) that Mr. St. Surin was not involved in any drug dealings. See ST at p. 393. While drug quantity, as long as the indictment and or verdict are within the statutory limitations, is relevant conduct, and can be utilized in the process of sentencing (*see, e.g., Cox v. United States*, 2006 WL 1210891 at \*6 (D. Conn. 2006) (Nevas, USDJ); *Figueroa v. United States*, 2005 WL 3543713 at \*1 (D. Conn. 2005) (Burns, USDJ)),

Hon. Janet Hall, USDJ
Re: USA v. Boyd, Patrice St. Surin, Defendant, 00-cr-00263
28 September 2007 — page seven

nevertheless, it is, as the Supreme Court has made clear, but one of the factors, under Section 3553(a) to be considered in the course of sentencing.

    In this particular case, while the original sentence imposed was within the statutory limitations, it was excessive under the circumstances, and the factors designated u8nder the sentencing statute — being the nature and consequences of both the crime and the defendant. As the jury found the defendant guilty of the bare minimum to satisfy the ten year mandatory minimum, the Defendant respectfully requests that the Court re-sentence him to a period of 120 months incarceration.

                                               Respectfully submitted,

                                             /s/ *Bernard V. Kleinman*

                                             Bernard V. Kleinman
                                             Attorney for Defendant St. Surin

cc: Paul Murphy, Esq., OUSA/D. Conn.
    P. St. Surin, 14321-014

CERTIFICATE OF SERVICE

I am Bernard V. Kleinman, an attorney duly admitted *pro hac vice* to this Court, and I do affirm that on the 28th of September 2007 I did serve a copy of this Sentencing Memorandum, on the Clerk of this Court by electronic filing under the CM/ECF System of this Court, and on Paul Murphy, Esq., attorney of record for the United States of America, by first class mail, pre-paid, at the address designated below, by depositing in an official depository of the U.S. Postal Service, and by electronic mail, at the designated email address of paul.murphy@usdoj.gov.

Paul Murphy, Esq.
Assistant U.S. Attorney
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT 06604

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman