UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

===========================  :
UNITED STATES OF AMERICA,    :
                             :
                             :  Docket No. 3:00-cr-00263 (JCH)
— *versus* —                 :
                             :
                             :
PATRICE ST. SURIN,           :
                             :
    Defendant.               :
===========================  :

REPLY AFFIRMATION IN SUPPORT OF DEFENDANT'S *CROSBY*
APPLICATION FOR RE-SENTENCING

    Bernard V. Kleinman, Esq., attorney of record for Defendant St. Surin, does submit this Reply Affirmation in support of Defendant's application for re-sentencing pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

    Affirmant assumes the Court's and Government's familiarity with all of the facts, and previously filed pleadings and proceedings had hereto.

    The position of the Government is succinctly set forth on page 6 of its Response, where Assistant U.S. Attorney Murphy stated: "there is no compelling reason why the Court should re-sentence the defendant."

    Since both the Defendant and the Government filed their respective pleadings in this matter, there have been significant changes in the law that directly impact Mr. St. Surin's case.

1

Briefly, these are (1) the tandem decisions of the Supreme Court, in *Kimbrough v. United States*, 2007 WL 4292040 (Dec. 10, 2007), and *Gall v. United States*, 2007 WL 4292116 (Dec. 10, 2007), and (2) the issuance of Amendment 706 by the U.S. Sentencing Commission which significantly reduced the cocaine base (*i.e.*, crack) Guideline range by reducing the crack/cocaine ratio.

For the purposes of Mr. St. Surin, even though the Commission's retroactivity amendment is set for an effective date of March 1st, 2008,[1] it would not change his Guideline range. Under the amended provisions of U.S.S.G. § 2D1.1, and relevant equivalency tables, the 124 grams of crack corresponds to a Level 30 (U.S.S.G. § 2D1.1(c)(5)), and the 10 kilograms of cocaine corresponds to a Level 32 (U.S.S.G. § 2D1.1(c)(4)). Using the marihuana conversion tables a Level 30 for crack yields 14 kilograms of marijuana for each gram of crack, or 1,736 kilograms of marijuana. The cocaine conversion is the same yielding 2,000 kilograms of marijuana. Together these total 3,736 kilograms of marijuana, or a Level 34. Under the original Guideline conversion and equivalency tables, the total was 4,480 kilograms of marijuana — also within the Level 34 range of 151 to 188 months.

Of even greater significance for this Defendant (as it is for many Defendants now) are the two decisions in *Kimbrough* and *Gall*. It is the Defendant's position, before this Court, that, in the long line of cases that began with *Apprendi*, and continued through

---

[1] The Defendant recognizes that these new ratios and conversions have been deemed retroactively effective as of March 1st, 2008. Thus, the Court may, within its discretionary sentencing authority (which certainly it has under *Kimbrough* and *Rita*) utilize these tables, or, if it chooses, it may adjourn this matter until after the retroactive date, and set this for hearing after March 1st, 2008.

2

*Blakely* and then *Booker* and *Rita* and now *Gall* and *Kimbrough*, that the Guidelines are truly of an advisory nature. As one authority has stated: **Drug quantity is a poor proxy for culpability**.

The statute has set forth a mandatory minimum, and this is to be followed. Thus, Mr. Surin's conviction under 21 U.S.C. § 841(b)(1)(A) carries a mandatory minimum of ten years incarceration. This, is only the starting point,[2] and this Court must, while viewing the Guideline calculation, take into consideration ALL of the factors in Section 3553(a). Indeed, it is now clearly arguable that the Guidelines are not even the "first among equals".

> As we explained in *Rita,* a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . .. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, <u>after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.</u> In so doing, he may not presume that the Guidelines range is reasonable. . . . . .He must make an individualized assessment based on the facts presented.

*Gall*, *supra*, 2007 WL 4292116 at *7. Citations and Footnote omitted.

Emphasis added.[3]

---

[2] It is true that Justice Stevens, in a footnote, stated that
> The fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.

*Id*. at *7, n 5.
 Nevertheless, remaining "cognizant of them" does not mean that they merit any more deference than any of the other factors in Section 3553(a).

[3] The Court is also directed to Justice Alito's dissent in *Gall*. Without quoting extensively from his opinion, he makes clear that it is possible that a reading of *Booker, et al.*, will lead to the conclusion that "the sentencing judge has full discretion, . . ., to sentence anywhere within the

3

The Guidelines were an attempt, through some complex mathematical formulation, to establish uniform sentencing rules for all cases. The recent amendment, and the clear language of Justice Stevens in *Gall*, make clear the final arbiter of any sentence is compliance with Section 3553,[4] combined with the district judge's discretion,[5] and the overriding factor of making sure that the accused's Sixth Amendment rights have been both respected and protected.[6]

This being said, the Court is urged to look at the fact that the Sentencing Commission itself set forth a range with a minimum of 151 months, clearly anticipating the circumstances under which such a sentence would be imposed. Furthermore, Congress set forth a minimum of 120 months, too anticipating circumstances under which a ten year sentence would be imposed. This Defendant has been incarcerated for seven years now. He has a family on the outside, he had a Criminal History Category of "I". His conduct in jail has been clean and unsullied.

The Court is urged to exercise its discretion, and re-sentence Mr. St. Surin to the mandatory minimum, taking into consideration not only his personal characteristics and his lack of violent behavior, but also the unequivocal mandate from the Supreme Court

---

statutory range." *Gall*, *supra*, 2007 WL 4292116 at *14, quoting Justice Scalia's dissent in *Booker*, 543 U.S. at 305.

[4] *Kimbrough*, *supra*, 2007 WL 4292040 at *10.

[5] *Gall*, *supra*, 2007 WL 4292116 at *2,
> while the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse of discretion standard.

[6] *Kimbrough*, *supra*, 2007 WL 4292040 at *10, referring back to the decision in *Booker*, 543 U.S. at 226-27. See also dissent of Justice Thomas, *id*. at *17.

4

that the Guidelines are merely one among a host of factors to be utilized by the Court — none of which is paramount, all of which are equal.

Dated: Dec. 21, 2007
      White Plains, NY

                                    Respectfully submitted,

                                    /s/ *Bernard V. Kleinman*
                                    Bernard V. Kleinman
                                    Attorney for Defendant St. Surin

cc: Paul Murphy, Esq., OUSA/D. Conn.
    P. St. Surin, 14321-014

5

CERTIFICATE OF SERVICE

I am Bernard V. Kleinman, an attorney duly admitted *pro hac vice* to this Court, and I do affirm that on the 21st of December 2007 I did serve a copy of this Reply in support of Defendant's Sentencing Memorandum, on the Clerk of this Court by electronic filing under the CM/ECF System of this Court, and on Paul Murphy, Esq., attorney of record for the United States of America, by first class mail, pre-paid, at the address designated below, by depositing in an official depository of the U.S. Postal Service, and by electronic mail, at the designated email address of paul.murphy@usdoj.gov.

Paul Murphy, Esq.
Assistant U.S. Attorney
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT 06604

/s/ *Bernard V. Kleinman*
Bernard V. Kleinman