UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL NO. |
| v. | :    3-00-cr-263(JCH) |
| | : |
| PATRICE ST. SURIN | :    JANUARY 15, 2008 |

**RULING RE: RESENTENCING (Doc. No. 1758)**

By Order filed July 6, 2005, the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005).[1] The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . ." . Id. at 117. Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless. However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on April 4, 2007, that the

---

[1] The Circuit Court has affirmed the conviction of the defendant in a Summary Order issued on July 19, 2005. See Mandate (Doc. No. 1758).

parties file written submissions on the question of whether this court would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a). See Doc. No. 1829  In response to that Order, the government and the defendant each filed a Memorandum. See Doc. Nos. 1847, 1858 and 1859.

The court is familiar with the Booker and Crosby decisions.  In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there.  Further, the court has re-reviewed the Pre-Sentence Report, and reviewed the sentencing transcript, and the three memoranda and material submitted post-remand.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

St. Surin was originally sentenced to 188 months of imprisonment upon his conviction by a jury of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §846.  The court concludes that, after consideration of all of these matters, that a re-sentencing is not called for.  In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Surin to the same sentence it did, 188 months imprisonment.  The court does so for the reasons that were articulated at the original sentencing. See Sentencing Transcript (5/5/03) at 94-97 (Doc. No. 1437).

After consideration of all of the §3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the

Pre-Sentence Report and the recently filed memoranda, this court concludes that there is no reason to order a re-sentencing in this case because, if one were ordered, the sentence would be the same of that previously imposed.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 15th day of January, 2008.

        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge