UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:00-cr-263 (JCH) |
| | : | |
| PATRICE ST. SURIN | : | NOVEMBER 20, 2008 |

**RULING RE: RESENTENCING**

On April 29, 2008, this court issued an Order to Show Cause why Defendant

Patrice St. Surin should be resentenced [Doc. No. 1889]. On September 9, 2008, St.

Surin filed a Memorandum in Support of Reduction of Sentence [Doc. No. 1949]. On

October 6, 2008, the government filed a Response [Doc. No. 1963]. St. Surin filed a

Reply on October 16, 2008 [Doc. No. 1968]. The court grants St. Surin's request for

resentencing.

At sentencing, the court determined that St. Surin's offense level was 34, and his

criminal history category I. As such, he faced a guideline range of 151-188 months.

The court imposed a sentence of 188 months.

By order filed July 6, 2005, the Second Circuit remanded St. Surin's case for

further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir.

2005). In response to this remand order, the court concluded, after a thorough review,

that resentencing was not warranted. See Ruling Re: Resentencing, Jan. 15, 2008

[Doc. No. 1861].

On May 1, 2008, the United States Sentencing Commission amended the

Sentencing Guidelines to change the offense levels applicable to certain quantities of

drugs.  Under 18 U.S.C. § 3582(c), the court has the authority to resentence individuals when certain guideline changes have been made retroactive. Specifically: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been [retroactively] lowered by the Sentencing Commission[,] . . . the court may reduce the term of imprisonment . . . ." 18 U.S.C. § 3582(c)(2).

The court agrees with the government and the Probation Office that St. Surin is eligible for a two level reduction in his offense level in light of the May 1, 2008 amendments.[1]  Accordingly, under the current Sentencing Guidelines, St. Surin's offense level is now 32, and his criminal history category remains I.  As such, he faces a revised Guidelines range of 121-151 months.

The Court originally sentenced the defendant to 188 months, the upper limit of the original Guidelines sentencing range.  For the reasons articulated at his original sentencing, and in its Ruling regarding Resentencing following the Second Circuit's Crosby remand, the court resentences Crosby to a sentence of 151 months, the upper limit of his revised Guidelines sentencing range.[2]

---

[1]St. Surin argues that he is entitled to a four level reduction in his offense level, to 30.  The court disagrees with St. Surin's calculations and accepts the calculations set forth in the PSR and addenda thereto.

[2]St. Surin argues that this court should exercise discretion to sentence him de novo and further reduce his sentence below the revised Guideline range.  However, in a resentencing proceeding under 18 U.S.C. § 3582(c)(2), the court's sentencing authority is not de novo.  Instead, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Even if the court had such authority, the court would decline to resentence St. Surin below the upper limit of the revised Guideline range.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 20th of November, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge